TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 93-601 |
| of | : | |
| | : | AUGUST  4, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE HONORABLE BETTY KARNETTE, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

Is an alcoholism or drug abuse recovery or treatment facility that provides 24-hour care for adults subject to the statutes and regulations governing "residential care facilities"?

CONCLUSION

An alcoholism or drug abuse recovery or treatment facility that provides 24-hour care for adults is not subject to the statutes or regulations governing "residential care facilities"; rather, it is subject to the statutes and regulations specifically governing alcoholism and drug abuse recovery and treatment facilities.

ANALYSIS

Under the California Community Care Facilities Act (Health & Saf. Code, §§ 1500-1567.8; hereafter "Act")[1] the Department of Social Services regulates "community care facilities" including "residential facilities."  Section 1502 provides in part:

"(a) `Community care facility' means any facility, place, or building that is maintained and operated to provide nonmedical residential care, day treatment, adult day care, or foster family agency services for children, adults, or children and adults, including, but not limited to, the physically handicapped, mentally impaired, incompetent persons, and abused or neglected children, and includes the following:

---

[1]All section references are to the Health and Safety Code unless otherwise indicated.

"(1) `Residential facility' means any family home, group care facility, or similar facility determined by the director, for 24-hour nonmedical care of persons in need of personal services, supervision, or assistance essential for sustaining the activities of daily living or for the protection of the individual.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) `Department' or `state department' means the State Department of Social Services.

"(c) `Director' means the Director of Social Services."

Section 1509 states: "The state department shall inspect and license community care facilities . . . [and] shall inspect and issue" special permits for specialized services. Pursuant to the directive of section 1530, the Department of Social Services has adopted administrative regulations (Cal. Code Regs., tit. 22, §§ 80000-89221) to carry out the purposes of the Act. One of the requirements of the Act is that a license to operate a "residential care facility" must be denied by the Director of Social Services if "the location is in such proximity to an existing care facility . . . [so as to] result in overconcentration." (§ 1520.5, subd. (a).) "Overconcentration" is defined as "residential care facilities which are separated by a distance of 300 feet or less, as measured from any point upon the outside walls of the structures housing those facilities." (§ 1520.5, subd. (b).)

The question presented for resolution is whether an alcoholism or drug abuse recovery or treatment facility that provides 24-hour care for adults is a "residential care facility" within the meaning of section 1502 so as to be subject to the regulations of the Department of Social Services and to such statutory requirements as the 300-feet separation requirement of section 1520.5. We conclude that such a facility is exempt from these requirements.

Although it might appear that an alcoholism or drug abuse facility would fall within the "residential facility" definition of section 1502, section 1505 provides an enumeration of those facilities which are exempt from the Act's requirements. Section 1505 provides:

"This [Act] does not apply to any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(j) Any alcoholism or drug abuse recovery or treatment facility as defined by Section 11834.11 . . . ."

Subdivision (a) of section 11834.11 defines an alcoholism or drug abuse recovery or treatment facility as:

". . . any facility, place, or building that provides 24-hour residential nonmedical services in a group setting to adults, which may include, but need not be limited to, mothers over 18 years of age and their children, and emancipated minors, which may include, but need not be limited to, mothers under 18 years of age and their children, who are recovering from alcohol, drug, or drug and alcohol misuse and are currently capable of meeting their life support needs independently, but who temporarily need guidance, counseling, or other alcohol or drug recovery services."

Section 11834.11 is found in the provisions of the Health and Safety Code (§§ 11750-11997) applicable to the Department of Alcohol and Drug Programs and specifically within the

legislative scheme (§§ 111834.10-11834.38) providing for the licensing of alcoholism and drug abuse treatment facilities by the Department of Alcohol and Drug Programs. Section 11834.10 states:

"The [Department of Alcohol and Drug Programs] has the sole authority in state government to license alcoholism or drug abuse recovery or treatment facilities serving adults. . . ."

Section 11834.13 authorizes the Department of Alcohol and Drug Programs to adopt regulations implementing the licensing provisions of sections 11834.10-11834.38.

We are to interpret statutes in a manner that will "effectuate legislative intent." (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562.) In determining the Legislature's intent, "we look first to the language of the statute, giving effect to its `plain meaning.'" (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208-209.) Where the words of the statute are clear, we may "`not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.'" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698.)

Here the Legislature has clearly indicated that an alcoholism or drug abuse recovery or treatment facility for adults, whether or not providing 24-hour care, is exempt from being considered a "community care facility" or a "residential facility" for purposes of the Act. It is not regulated by the Department of Social Services or subject to the Act's provisions or implementing regulations. Rather, such a facility is subject to an entirely separate statutory scheme administered by the Department of Alcohol and Drug Programs.

\* \* \* \* \*